UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VICKI RICHARDS,

          Plaintiff,

v.                                            Case No.  5:04-cv-484-Oc-10GRJ

PIETRO BONO and CATERINA BONO,

          Defendants.
_____/

## **ORDER**

Pending before the Court is Plaintiff's Motion to Compel Interrogatory Answers (Doc. 37) to which Defendant, Pietro Bono, has filed a memorandum in opposition. (Doc. 43.)  Plaintiff requests the entry of an order compelling Defendant Pietro Bono to answer interrogatories numbered ten (10) through fourteen (14), which were served on Defendant on July 29, 2005. For the reasons discussed below, Plaintiff's motion to compel is due to be **GRANTED**.

## **I.  INTRODUCTION**

This is an action, by a tenant of a residential property, against the co-owners, alleging discrimination on the basis of sex in violation of the Fair Housing Act, 42 U.S.C. §3601 et. seq.  (Doc. 44.) Plaintiff claims that she was the victim of pervasive and persistent sexual harassment by the landlord, Pietro Bono ("P. Bono"), occurring over the course of more than one year which deprived Plaintiff of her right to fair housing and caused her emotional and physical harm.

On October 14, 2005, Plaintiff filed the instant Motion to Compel Interrogatory Answers, arguing that under Fed. R. Civ. P. 26(b)(1) she is entitled to discovery of

Defendant's financial information and net worth because such information is relevant to her claim for punitive damages.

Defendant challenges Plaintiff's right to discovery of his personal financial information at this stage of the proceedings and objects to the scope of the financial information requested in Plaintiff's interrogatories. While recognizing that financial net worth discovery is appropriate at some point, Defendant contends that discovery of a defendant's financial net worth is not proper until the plaintiff has presented sufficient evidence of egregious conduct to support a claim for punitive damages.  According to Defendant, delaying discovery of his net worth until the Court has addressed whether Plaintiff is entitled to punitive damages will not affect the progress of the litigation. Defendant also argues that separate from the issue of the timing of punitive damages discovery, it would be burdensome to require the Defendant to provide financial information through interrogatories, as opposed to obtaining discovery of Defendant's financial information in a deposition or in a financial affidavit.

## II. **DISCUSSION**

Because this case involves claims under federal law, and not state law, Florida Statute § 768.72 - which provides that punitive damages discovery should not commence until Plaintiff has established a basis for punitive damages - has no application in this case. Therefore, to the extent the Defendant relies upon *State of Wisconsin Investment Board v. Plantation Square Associates, Ltd.*,[1] as support for its request to delay financial worth discovery, *Plantation Square* has no application to this

---

[1] 671 F. Supp. 1569 (S.D. Fla. 1991).

case. Accordingly, because the federal question claims in this case are based on allegations of discrimination under the Fair Housing Act, the Federal Rules of Civil Procedure and federal law govern all aspects of this case, including all issues concerning the scope and timing of discovery.

Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." In her Amended Complaint Plaintiff requests punitive damages as part of her relief.[2] Moreover, under 42 U.S.C. § 3613 punitive damages may be awarded in this case "if the court finds that a discriminatory housing practice has occurred or is about to occur.[3]

Specifically, Plaintiff alleges that after renting a residential property from the Defendants in Citrus County, Defendant P. Bono sexually harassed her over a fifteen month period. Plaintiff alleges that P. Bono entered her home without permission under the guise of needing to make repairs, made suggestive sexual remarks, physically assaulted her, kissed her, exposed himself to her, and threatened her with physical harm and eviction.[4] The allegations in the Amended Complaint are detailed as to the specific events of sexual harassment and, if proven, would rise to the level of sufficiently

---

[2] Amnd. Compl. at 9.

[3] A "discriminatory housing practice" is an unlawful act such as discrimination in the sale or rental of housing (42 U.S.C. § 3604), in residential real-estate transactions (42 U.S.C. § 3605), in the provision of brokerage services (42 U.S.C. § 3606), or the interference, coercion or intimidation of any person in the exercise or enjoyment of their residential property (42 U.S.C. § 3617).

[4] Amnd. Compl. ¶¶ 9-10.

egregious conduct to support a claim for punitive damages for the allegedly discriminatory housing practices. It is well settled that a defendant's net worth is relevant in assessing an award of punitive damages.[5] As such, a defendant's financial information in a case, as here, involving a claim for punitive damages, is within the scope of discovery defined under Fed. R. Civ. P. 26(b).

While various federal courts have addressed the issue of when pretrial disclosure of financial discovery should be permitted, the majority of federal courts that have addressed the issue permit pretrial discovery of financial information of the defendant without requiring the plaintiff to establish a *prima facie* case on the issue of punitive damages.[6] While some courts have not permitted a plaintiff to take discovery of a defendant's financial worth until the plaintiff has established a *prima facie* case to support a claim for punitive damages,[7] or until the Court has determined liability,[8] the Court does not find these cases instructive. These cases were either diversity cases, relying upon state rules that barred such discovery, or without discussing which law applied, prohibited pretrial discovery of financial information because the complaint only

---

[5] City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 270-71 (1981); U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 617 (11th Cir. 2000 ) (citing net worth as a factor in determining whether a punitive damages award is disproportionate); Gregg v. U.S. Indus., Inc., 887 F.2d 1462, 1477 (11th Cir. 1989) (holding that "the district court properly allowed [the plaintiff] an amount of punitive damages commensurate with the degree of [defendant's] offensive conduct and in proportion to its financial worth."); Litman v. Mass. Mut. Life. Ins. Co., 791 F.2d 855, 856 (11th Cir. 1986) (wealth or net worth of defendant is a factor in assessing punitive damages).

[6] Mid Continent Cabinety, Inc. v. George Kocj Sons, Inc., 130 F.R.D. 149, 151(D. Kan. 1990) collecting cases from various districts). *See, also,* Christy v. Ashkin, 972 F. Supp. 253 (D. Vt. 1997) and CEH, Inc. v. FV "Seafarer", 148 F.R.D. 469, 471 (D. R.I. 1993).

[7] *See,* Skinner v. Aetna Life Ins. Co., 38 Fed. R. Serv. 2d 1194, 1195 (D.D.C. 1984) and Chenoweth v. Schaaf, 98 F.R.D. 587, 589-90 (W.D. Pa. 1983))

[8] *See,* Doralee Estates v. Citites Serv. Oil Co., 569 F.2d 716, 723 n.9 (2d Cir. 1977); Brink's Inc., v. New York, 717 F.2d 700, 707 (2d Cir. 1983); Davis v. Ross, 107 F.R.D. 326, 328 (S.D.N.Y. 1985).

contained conclusory allegations in support of the claim for punitive damages. In contrast in this case, as previously mentioned, state law has no applicability, and the Amended Complaint contains detailed allegations of lascivious and retaliatory misconduct of the Defendant. Whether Defendant's financial information ultimately will be admissible at trial - or even whether the claim for punitive damages would be submitted to the jury - is not relevant to the issue of whether the Plaintiff should be entitled to conduct punitive damages discovery. The main focus of whether discovery should be permitted is upon whether the information is relevant to a claim of defense of a party. The Court finds that it is and, therefore, Plaintiff is entitled to conduct punitive damages discovery and is not required to delay such discovery until she has proven her case or until liability on the underlying claims has been established. Indeed, at this stage of the case, the discovery deadline is set to expire in early January 2006 and thus any delay in financial disclosure discovery until later could prejudice the Plaintiff's ability to investigate and ascertain the Defendant's financial net worth.

Turning to Defendant's claim that the requested discovery is merely a "fishing expedition" and that it is unduly burdensome for Defendant to provide such information in response to interrogatories, the Court has examined interrogatories ten (10) through fourteen (14) and determines that the information requested in these interrogatories is neither burdensome - nor for that matter - beyond the scope of information that normally would be disclosed in a financial statement. A financial statement usually includes on the asset side, defendant's tangible assets, such as stocks, bonds, and other securities, intangible assets, such as rent and royalty income, other sources of income, cash, and real property owned. On the liability side, a financial statement would include

defendant's long and short term debts, obligations, mortgages, and contingent liabilities.[9] Plaintiff's interrogatories require Defendant to disclose: stocks, bonds, securities, the balances in all bank savings, checking or trust accounts, and any other type of income received. As such the challenged interrogatories request typical information on the asset side of a financial statement and because there is no request for information relating to liabilities, Plaintiff has requested less information than a plaintiff normally would be entitled to in discovering a defendant's net worth for purposes of proving punitive damages. Accordingly, the interrogatories are neither a fishing expedition nor burdensome for the Defendant to prepare responses.[10]

Defendant also contends that the interrogatories are objectionable because he would be required to disclose property jointly held by him with his wife and co-defendant. This argument is without merit for two simple reasons. First, in order to evaluate the true financial net worth of Defendant Pietro Bono all jointly held property would have to be taken into account. If jointly held property was not included most husbands and wives would have a zero net worth in view of the fact that most properties by married individuals are held jointly. Secondly, the Amended Complaint contains a claim for punitive damages against Pietro Bono's wife, Caterina Bono.[11] As

---

[9] *See,* Hamm v. Potamkin, No. 98 CIV 7425 (RWS), 1999 WL 249721 (S.D.N.Y. April 28, 1999) (holding that Plaintiff is entitled to generalized information in a financial affidavit from defendant detailing defendant's assets, liabilities, and general net worth).

[10] Moreover, to the extent that the requested information is contained on a business record such as a financial statement the Defendant has the option of producing the business record under Rule 33(d) of the Federal Rules of Civil Procedure.

[11] Plaintiff claims that Mrs. Bono was aware, or should have been aware, of her husband's conduct based on similar incidents with other female residents of Defendants' properties. Amend. Compl. ¶ 16. Such knowledge could make Mrs. Bono directly liable for the unfair housing practices as well as
(continued...)

such, Plaintiff may be entitled to financial discovery from Caterina Bono. However, because the challenged interrogatories are only directed to Pietro Bono the Court need not resolve this issue at this juncture.

Lastly, to the extent that Defendant is concerned about privacy and the confidentiality of his personal financial information, that issue can be resolved through an appropriate protective order or confidentiality agreement, which Plaintiff has offered to execute.

Accordingly, for these reasons, Plaintiff's Motion to Compel Interrogatory Answers is hereby **GRANTED**. Defendant, Pietro Bono, shall serve full and complete responses to Plaintiff's interrogatories numbered ten (10) through fourteen (14) within **ten (10) days** of the date of this Order.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on November 21, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
All Counsel

---

[11](...continued)
liable for punitive damages. See, United States v. Balistrieri, 981 F.2d 926, 930 (7th Cir. 1992).